## HICKORY JONES CO. v. METTAUER. (No. 398.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 1, 1919.)

1. TRIAL ⟝352(1)—SUBMISSION OF ISSUE OF LAW.

In action by seller of logs against buyer, a company, the purchaser of particular car of lumber from buyer, and assignee of buyer's claim for price of car, trial court erred in submitting so-called special issue whether company was entitled to amount as credit on proceeds of car as against plaintiff; same being merely issue of law on pleadings and evidence.

2. APPEAL AND ERROR ⟝1062(4)—HARMLESS ERROR — SUBMISSION OF ISSUE OF LAW TO JURY.

In action by seller of logs against buyer, company which purchased particular car of lumber from buyer, and buyer's assignee of price of car, submission of issue of law arising upon pleadings and evidence, in shape of spe-

cial issue, to jury, held error harmless to defendant company.

3. ASSIGNMENTS ⟝101—ASSIGNMENT OF CAR OF LUMBER—RIGHT TO PROCEEDS.

If car of lumber, and the proceeds thereof when it should be sold, were assigned to seller of unmanufactured logs by buyer before it was delivered to company which purchased from buyer, proceeds of car belonged to seller of logs, though buyer owed company which purchased from him amount less than price of car, and fact that lumber was afterwards delivered to company purchasing from buyer, which was notified of assignment, would not authorize court to deduct amount owing company by buyer of unmanufactured logs from proceeds received from sale of car of logs by it.

4. APPEAL AND ERROR ⟝1040(10)—HARMLESS ERROR—LIEN.

In action by seller of logs against buyer, company which purchased car of lumber from buyer, and assignee from buyer of price of car, errors in overruling defendant company's special exceptions to plaintiff's claimed lien, and in decreeing such lien in favor of plaintiff, held harmless to defendant company.

5. APPEAL AND ERROR ⟝930(3)—REVIEW—PRESUMPTION—FINDING IN FAVOR OF JUDGMENT.

A material issue not submitted, and not requested to be submitted, will be presumed to have been found by the court in favor of the judgment.

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Action by E. T. Mettauer against the Hickory Jones Company and others. From a judgment for plaintiff, defendant company appeals. Affirmed.

Mantooth & Collins and K. W. Denman, all of Lufkin, for appellant.
Blount & Strong, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment in favor of the appellee, Mettauer, against the appellant, Hickory Jones Company. Mettauer was plaintiff below, and brought this suit against M. J. O'Neal, Hickory Jones Company, and Sam R. Sayers, as defendants, but Hickory Jones Company alone has appealed from the judgment.

The cause of action alleged by the plaintiff below, substantially stated, was as follows:

He alleged that about the 15th of May, 1917, he entered into a contract with defendant O'Neal, under the terms of which he agreed to deliver to O'Neal at his sawmill at Chireno, in Nacogdoches county, certain hickory and ash logs, for which it was agreed that O'Neal should pay plaintiff $14 per 1,000 feet for all such timber so delivered; that plaintiff was the owner of such timber,

and was selling and delivering the same to O'Neal, and that $4 per 1,000 feet was fixed as the purchase price of such timber, and $10 per 1,000 feet for its delivery, aggregating said sum of $14 per 1,000 feet; that O'Neal had paid plaintiff a sufficient sum of money under said contract to more than pay the purchase price of timber so delivered to O'Neal, and that plaintiff had credited O'Neal with such payment to the full extent of the purchase price of the timber, and also had given O'Neal credit for all that was paid him over and above the purchase price of the timber on his indebtedness to plaintiff for hauling and delivering said timber; that after such credits were allowed, O'Neal still owed the plaintiff $480.17, under the terms of said contract, for the hauling of said timber. Plaintiff further alleged that about the 17th day of June, 1917, plaintiff insisted that O'Neal pay him said sum of $480.17, and that on said date a carload of hickory lumber, which had been manufactured out of said hickory timbers, was standing on the railroad track at O'Neal's mill at Chireno, and that plaintiff on said date was objecting to O'Neal's shipping said carload of lumber until O'Neal should pay him the amount of indebtedness owed him, as hereinbefore mentioned; that thereupon, and in order that O'Neal might be permitted to ship and deliver said car of hickory lumber to the defendant Hickory Jones Company, said O'Neal agreed with plaintiff to assign to him said entire car of hickory lumber, and the proceeds thereof when the same should be sold, in payment of his said debt to plaintiff, as far as such timber or its proceeds would go, and that O'Neal did, in fact, assign to plaintiff said car of hickory lumber and the proceeds thereof for such purpose. Plaintiff further alleged that notice of the assignment to him of said timber and its proceeds was immediately given to defendant Hickory Jones Company, to whom the car of hickory lumber was thereafter shipped, and further that the Hickory Jones Company had sold said carload of lumber, and that its manufactured value at the time it was sold by said company was $325.

It was further alleged by the plaintiff, in the alternative, that in the event it should be determined that said car of hickory lumber was not assigned to plaintiff by O'Neal, that nevertheless, plaintiff was entitled to a laborer's lien on said timber, under and by virtue of articles 5634 and 5645 of the Revised Civil Statutes of this state, and that plaintiff had fixed his lien thereupon by filing his claim, etc., in the office of the county clerk of Nacogdoches county, all of which was set out more in detail in the plaintiff's petition; that the Hickory Jones Company was fixed with notice, both actual and constructive, of plaintiff's said lien at the time it sold said carload of lumber and received the proceeds thereof; and that therefore Hickory Jones Company was liable to plaintiff to the extent of the value of said car of lumber. The plaintiff further alleged that the defendant Sam R. Sayers was setting up some kind of claim to the proceeds of said car of lumber in the hands of Hickory Jones Company, but that in fact said Sayers had no just or legal claim thereto, but, on the contrary, that any such claim on his part was false and fictitious.

No answer was filed by defendant O'Neal or by Sayers. The defendant Hickory Jones Company answered by general demurrer, a number of special exceptions, and by general denial, and further by special denial of any assignment to plaintiff by O'Neal of said car of hickory lumber or the proceeds thereof; and this defendant further specially alleged that it purchased said car of hickory lumber from said O'Neal before it had any notice, actual or constructive, of the assignment of same as claimed by plaintiff, and that it had sold said car of lumber before notice to it of any such claim on the part of plaintiff, and that the proceeds received by defendant for said car of lumber amounted in the aggregate to $309.51, $252.75 of which amount it was due O'Neal for the purchase price of said lumber, and that as to the balance, $56.76, said defendant had credited O'Neal on an indebtedness owed by O'Neal for borrowed money, all of which it was authorized to do under agreement with O'Neal. Defendant Hickory Jones Company then alleged that as to the sum of $252.75 it either owed the same to the defendant O'Neal, or to the defendant Sam R. Sayers, who was claiming the same by assignment from said O'Neal, and in this connection it was alleged that this $252.75 had been in fact assigned by O'Neal to Sayers. At all events, this defendant alleged that as to the $252.75, it stood in the attitude of a mere stakeholder, and it tendered the same into court by its answer, and prayed the court to determine by its decree to whom the same should be paid, and to protect defendant Hickory Jones Company in all respects by such decree, etc.

The case was submitted to a jury on special issues, and upon the verdict so returned judgment was entered in favor of plaintiff for the full amount sued for as against the defendant O'Neal, and as against defendant Hickory Jones Company judgment was rendered in favor of the plaintiff for $309.75, which was the amount received by Hickory Jones Company for said car of hickory lumber, with legal interest thereon, and it was further adjudged that the plaintiff was entitled to a lien upon said car of lumber, and that Hickory Jones Company was liable to plaintiff as for conversion of said lumber, etc. It was further adjudged that the defendant Sayers had no valid claim against the proceeds of said lumber in the hands of Hickory Jones Company, and further the

judgment, in effect, provides that upon payment by the Hickory Jones Company to plaintiff of the sum of $309.75, interest, etc., the said Hickory Jones Company shall be protected as against all the parties to the suit.

We shall not attempt to treat the assignments of error found in appellant's brief in the order presented, but what we shall say will dispose of them all. The first special issued submitted to the jury was as follows:

"Did the defendant O'Neal transfer and assign the proceeds of said car of lumber to plaintiff before said car was moved from the depot at Chireno?"

To this question the jury answered "Yes." Upon the evidence found in the statement of facts bearing upon this issue, we hold, without repeating the same in detail, that it was sufficient to warrant the finding of the jury on that issue.

[1, 2] Special issue No. 2 was as follows:

"Is the defendant Hickory Jones Company entitled to $56.70 as a credit on the proceeds of said car of lumber, as against the plaintiff, Mettauer?"

To this question the jury answered "No." As to this issue it is contended by appellant that the court was in error in submitting the same to the jury, because the same was nothing more than an issue of law arising upon the pleadings and evidence in this case, and that it should not have been submitted to the jury in such form, and with this contention of appellant we agree. But it does not follow that the submission of this issue was such error as could be said to be prejudicial to appellant, and its assignment of error on that point is overruled.

Special issue No. 3 was as follows:

"Did the defendant O'Neal assign and transfer the proceeds of said above car to the plaintiff before he assigned the same to defendant Sam R. Sayers?"

To this question the jury answered "Yes." There is no contention made by appellant on the answer of the jury to this issue, and, since there is none on the part of defendant Sayers, the same needs no further discussion at our hands.

In addition to the above issues submitted by the court, the following special issue was requested by appellant, and was submitted by the court:

"Special Issue No. 6. Did the Hickory Jones Company transfer said car of lumber to the Pioneer Pole & Shaft Company and take a bill of lading therefor before Hickory Jones Company was notified, if it was notified, that O'Neal had made an assignment of the proceeds of this car to plaintiff? Answer this 'Before' or 'Afterwards,' as you find the facts to be."

To this issue the jury answered "afterwards." Upon inspection of the evidence found in the statement of facts, we find that the same was sufficient to warrant the findings of the jury as to this issue, and overrule any contentions of appellant on this point.

Practically the undisputed evidence in this case shows that the defendant O'Neal owed appellee the full amount of money claimed by appellee against him in this suit, and, further, the undisputed evidence is to the effect that the Hickory Jones Company, appellant, had also advanced to the defendant O'Neal $56.76 to enable O'Neal to pay certain labor, and the Hickory Jones Company is attempting to have this $56.76 deducted in its favor from the entire amount of proceeds received by it upon the sale of said car of lumber, and practically its whole complaint on this appeal is directed against the action of the court in failing to deduct this amount in its favor.

[3, 4] If it be true that this car of lumber was in fact assigned to appellee by O'Neal before it was delivered to Hickory Jones Company, then the proceeds of same belonged to appellee, notwithstanding the fact that O'Neal owed Hickory Jones Company said sum of $56.76, and the fact that the lumber was afterwards delivered to Hickory Jones Company, who was notified of this assignment, would not authorize the court to deduct the amount owed the appellant by O'Neal from the proceeds received from the sale by it of this car of lumber. While it is true, as before stated, that the court was in error in leaving to the jury, as it did by special issue No. 2, to determine the legal question as to who was entitled to this $56.76, nevertheless that error could not prejudicially affect appellant, as we have stated. And while it is true that under the facts in this case no lien was shown in favor of appellee upon said car of lumber, and while it is true that the trial court was in error in overruling appellant's special exceptions to such claimed lien, and while it is true that the trial court was in error in decreeing such lien in favor of appellee, nevertheless, such errors have resulted in no prejudice to appellant, and appellant's assignments on these points are overruled.

[5] It is true that there was no specific finding by the jury to the effect that this car of lumber was assigned to appellee before it was sold and delivered to appellant, but it is also true that neither party requested a specific issue on that point. The rule is that any material issue not submitted and not requested to be submitted will be presumed to have been found by the court in favor of the judgment. Johnston v. Fraser, 92 S. W. 49.

This disposes, in effect, of all material assignments of error, and, believing that none of them should work a reversal of the judgment, they are overruled, and the judgment of the trial court is affirmed.